# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JAMES UIHLEIN,

Petitioner,

v. Case No.: 6:26-mc-00031-PGB-LHP

GREGORY A. COMPTON,

Respondent,

---

### ORDER TO SHOW CAUSE

Before the Court is Petitioner James Uihlein's Motion to Compel Nonparty Gregory A. Compton's Compliance with Subpoena, filed on September 29, 2026. Doc. No. 1. The motion has been referred to the undersigned. Upon consideration, Petitioner will be directed to show cause why the motion should not be denied as untimely and/or for failure to confer prior to its filing.

As relevant, Petitioner James Uihlein is the plaintiff in a case pending in the Western District of Michigan, *Uihlein v. Fenley*, No. 2:25-cv-00236-HYJ-MV. *Id.* ¶ 1. The present motion relates to a subpoena issued to a non-party to that case, Respondent Gregory A. Compton, requiring compliance in the Middle District of Florida. Doc. No. 1-2. The subpoena issued on September 16, 2026, was served on September 18, 2026, and required compliance by September 28, 2026. *Id.* at 2; Doc. No. 1-6.

However, a review of the docket for the underlying case pending in the Western District of Michigan reflects that discovery closed in that case on September 28, 2026. *See* Case No. 2:25-cv-00236-HYJ-MV, Doc. No. 100 (W.D. Mich. Aug. 6, 2026). The Court's Order states: "All discovery proceedings shall be completed no later than [September 28, 2026], and shall not continue beyond this date." *Id.* at 2. The Order further states that all "written discovery requests must be served no later than thirty days before the close of discovery." *Id.* at 2–3. The Court further cautioned that no further extensions of the discovery period would be allowed. *Id.* at 1.

Given that the present motion was filed in this Court on September 29, 2026, Doc. No. 1, that discovery appears to have closed in the underlying action on September 28, 2026, *see* Case No. 2:25-cv-00236-HYJ-MV, Doc. No. 100, and that the subpoena was not even served until September 18, 2026, Doc. No. 1-6, the motion (and the discovery) appears to be untimely. *See, e.g.*, *4Demand, LLC v. G4S Secure Sols., Inc.*, No. 9:20-MC-80637-WPD/WM, 2020 WL 3266102, at *3 (S.D. Fla. June 17, 2020) ("Petitioners seek to have this Court in the Southern District of Florida order the production of discovery for litigation pending in the Northern District of Illinois despite the fact that discovery is closed in the underlying action. This the Court will not do, as it would interfere with the authority of the Northern District of Illinois, and it would disrupt that Court's case management of the underlying action.").

Moreover, to the extent that the conferral requirements of Local Rule 3.01(g) apply to Petitioner's motion, the Court notes that Petitioner's Local Rule 3.01(g) certificate, Doc. No. 1, at 10, does not establish adequate conferral prior to its filing.[1] Petitioner simply states:

> I, William Kalas, hereby certify that I made an attempt to resolve all issues presented in this Motion by contacting Respondent by electronic mail on September 28, 2026 at the following e-mail address: greg@gcomptonlaw.com. At this time I expressly informed Respondent that Petitioner intended to file the present motion. At approximately 8:00 pm EST on September 28, 2026 Respondent responded to the Subpoena via a letter **(Ex. 7)** attached to an e-mail, the content of which confirms that Respondent does not agree with the relief sought in the present motion.

Doc. No 1, at 10. The motion does not attach the email Petitioner sent to Respondent on September 28, 2026. And although the motion attaches a letter from Respondent labeled Exhibit 7 and dated September 28, 2026, the letter in substance merely responds and/or provides objections to the subpoena, does not address any email sent on September 28, 2026 by counsel for Petitioner, and does not state Respondent's position on any relief as requested in the motion. Doc. No. 1-8. Notably, the date for compliance for the subpoena was September 28, 2026, the same date that Respondent sent the letter to Petitioner. Doc. No. 1-2, at 2. *See also* Leslie

[1] *Cf. In re: Subpoena Upon NeJame L., P.A.*, No. 6:16-mc-8-Orl-41TBS, 2016 WL 1599831, at *4 (M.D. Fla. Apr. 21, 2016) (declining to apply Local Rule 3.01(g) to a motion to quash that instituted a new miscellaneous case). The Court declines to make a determination at this juncture whether the certification requirement applies, but simply notes that Petitioner's included certification (Doc. No. 1, at 10) is clearly deficient.

Hoffman Price, Preference, The Conferral Requirement (Local Rule 3.01(g)), https://www.flmd.uscourts.gov/judges/leslie-hoffman-price ("The term 'confer' in Local Rule 3.01(g) means a substantive discussion, which must occur in person, over the telephone, via video teleconference, or similar electronic means. Thus, the duty to confer will not be satisfied solely though written correspondences, such as letters, facsimiles, or emails.").

Based on the foregoing, within **seven (7) days** of the date of this Order, Petitioner shall **SHOW CAUSE** in writing why the motion (Doc. No. 1) should not be denied as untimely and/or for failure to confer prior to its filing. Alternatively, within **seven (7) days** of the date of this Order, Petitioner may file a notice withdrawing the motion. Failure to comply will result in the summary denial of the motion and the closure of this miscellaneous case.

**DONE** and **ORDERED** in Orlando, Florida on October 2, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties